EDWIN BEGGS, Appellee, *vs.* THE POSTAL TELEGRAPH-CABLE COMPANY, Appellant.

*Opinion filed April 19, 1913.*

1. TELEGRAPH COMPANIES—*when question of company's negligence is for the jury.* Where it is shown that the defendant telegraph company had a message in its possession a sufficient time before its wires stopped working to have transmitted it, and also that if the message had been sent promptly after the wire trouble ceased it would have been received in time to have accomplished the sender's purpose, and it is not shown that the wire trouble was due to some cause not within the company's control, the question whether the company was negligent is for the jury.

2. SAME—*when sender of a message is not bound by conditions printed on back.* A sender of a telegram is not bound by printed conditions on the back of the telegraph blank furnished by the company unless he or his agent has knowledge of such conditions and assents thereto.

3. SAME—*when knowledge of conditions cannot be presumed.* The fact that the agent for the sender of a telegram has for years

used the blanks furnished by the company does not justify the court in holding, as a matter of law, that the agent knew the printed conditions on the back of the blanks, where the agent testifies that he had never read such conditions and did not know what they were; but the question of knowledge, under such circumstances, is one of fact for the jury.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. W. G. COCHRAN, Judge, presiding.

HUGH CREA, and HUGH W. HOUSUM, for appellant.

CHESTER ALLAN SMITH, and BUCKINGHAM & MC-DAVID, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Edwin Beggs brought an action on the case in the circuit court of Macon county against the Postal Telegraph-Cable Company to recover damages for alleged delay in the transmission of a cipher telegram sent by his agents, H. I. Baldwin & Co., from Decatur to the Nye & Jenks Grain Company at Chicago. The case has been tried twice in the circuit court. On the first trial a judgment for $1125 was recovered, which was reversed and the cause remanded by the Appellate Court. (*Beggs* v. *Postal Telegraph Co.* 159 Ill. App. 246.) After the case was re-instated in the circuit court the declaration was amended and a second trial had, resulting in a verdict and judgment for $750, which, upon appeal to the Appellate Court for the Third District, was affirmed. The case has been brought to this court upon a certificate of importance.

The court below refused to give a peremptory instruction, at the request of appellant, to find in its favor, and this is assigned as error.

Appellee had a large quantity of wheat which he desired to sell. Baldwin & Co. were dealers in grain in De-

catur and bought and sold through grain dealers on the Chicago Board of Trade. On the morning of July 8, 1907, appellee called on Baldwin & Co. at their Decatur office and authorized them to send a telegram to Chicago for him, which telegram, when translated from cipher, reads as follows: "You may book for shipment 5000 bushels of No. 2 red winter wheat on the basis of the price of the Chicago September, 1907, future, to be loaded on cars for shipment to Chicago during the month of August, 1907, at 94 cents per bushel; 6000 bushels at 94⅝ cents per bushel; 25,000 bushels at 95 cents per bushel; 25,000 bushels at 95½ cents per bushel; 25,000 bushels at 96 cents per bushel." The telegram was addressed to the Nye & Jenks Grain Company. This message was delivered by Baldwin & Co. to a messenger of appellant in Decatur at 9:05 A. M. It was received at the Decatur office at 9:10, forwarded to Chicago at 9:37 and received at Chicago at 9:40. The evidence shows that appellant had solicited the business of Baldwin & Co., and that the manager of appellant was informed by Baldwin & Co. that their messages to Chicago were for the sale or purchase of grain and were important, and it was necessary that their messages be delivered on the Board of Trade before 9:30 A. M. The evidence is not disputed that if the message in question had been received in Chicago by 9:30 appellee would have been able to have effected sales, as the market was at that time at a profit; that the market on the Chicago Board of Trade declined rapidly during the first hour of business; that the market had so fluctuated that by the time appellee's telegram was received a sale could not be made at the figures named, while if the grain had been offered at 9:30 it would have brought more than the price named in the telegram. The recovery in this case is on account of the loss thus sustained by appellee by a failure to close his contracts before the decline in the market.

Appellant had three wires from Decatur to Chicago and three operators in Decatur. Two of these wires were connected with offices in the Chicago Board of Trade building and the other with its general office. The evidence shows that at 9:15 two of the wires became dead or disconnected, so that messages could not be transmitted over them, and remained in this condition for ten or fifteen minutes. Messages for Chicago before 9:15 in relation to grain are sent to the general office, but after that hour they go direct to the office in the Board of Trade building. The testimony is that the message in question could have been transmitted in one and one-half minutes over any of these wires that were working. From 9:10 to 9:15 there was five minutes, which was ample time, according to the evidence, to send this message before the wires went dead, and there was time enough after the wires again came into use to have gotten the message to Chicago had it been sent immediately. There was a delay of several minutes in sending the message after the wires were in service. It is not shown that the trouble with the wires was due to some cause not under the control of appellant. We think the question whether, under all the circumstances, appellant was guilty of negligence in transmitting this message was a question of fact for the jury, and that there was no error in overruling appellant's motion for a directed verdict.

The message in question was written on a page of a book or pad of blanks which Baldwin & Co. had for use in their office. On the back of this message a number of conditions were printed, one of which was that there would be no liability against the company unless a claim for the same was presented within sixty days from the date of the message. No claim having been made, appellant insists that it is absolved from liability by the condition referred to. Appellant concedes that the law in this State is settled that appellee is not bound by the printed conditions on the back of the message unless he or his agents had knowledge of

such conditions and assented thereto. The same rule that is applied to express and railroad companies applies to telegraph companies. (*Tyler, Ullman & Co.* v. *Western Union Telegraph Co.* 60 Ill. 421; *Providence-Washington Ins. Co.* v. *Western Union Telegraph Co.* 247 id. 84.) But appellant argues that Baldwin & Co. should be held to have implied or constructive knowledge from the fact that they had used similar blanks for messages for a number of years. We know of no rule which will warrant us in treating a question of fact as one of law, as we would be required to do to sustain appellant's contention on this point. Baldwin testified that he had never read the printed conditions on the back of the telegraph blank and did not know what it contained. It was a question of fact for the jury to determine whether appellee or his agents had knowledge of the printed conditions and had assented thereto.

Appellant complains of the rulings of the court in regard to the admission of certain evidence, and also complains of the refusal of its fifth instruction. This instruction was properly refused. It presented appellant's theory of constructive knowledge of the printed conditions on the telegram, and told the jury that if Baldwin knew there were printed conditions on the telegram and had neglected to inform himself as to their contents he would be charged with knowledge. This instruction has no support, so far as we are advised, in any of the decisions of this court.

Appellant complains of the giving of certain instructions on behalf of appellee. These instructions have had our consideration and we are of the opinion that there was no serious error in the giving of them.

The rulings of the court as to the evidence were properly disposed of by the Appellate Court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*